UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

                                                  Case No. 10-75320-dte

SELECTRON MANAGEMENT CORP.,

                                                  Chapter 7

          Alleged Debtor.
----------------------------------------------------------X

## MEMORANDUM DECISION AND ORDER

*Appearances By:*

Westerman Ball Ederer Miller & Sharfstein, LLP
*Attorneys for Petitioning Creditor*
By: Mickee M. Hennessy, Esq.
1201 RXR Plaza
Uniondale, NY 11556

Benowich Law, LLP
*Attorneys for Alleged Debtor*
By: Leonard Alan Benowich, Esq.
1025 Westchester Avenue
White Plains, NY 10604

SilvermanAcampora LLP
*Attorneys for L-3 Communications Corporation*
By: Robert Nosek, Esq.
100 Jericho Quadrangle, Suite 300
Jericho, NY 11753

Before the Court is the involuntary petition against Selectron Management Corporation (the "Alleged Debtor" or "Selectron") that was filed on July 8, 2010 by Tai Ham d/b/a Selectron Industrial Company ("Tai Ham" or "Petitioning Creditor"). The Alleged Debtor filed an Answer on August 4, 2010 asserting that the matter was a two-party dispute and that it did not belong before the bankruptcy court. On August 5, 2010 the Court scheduled a trial of the issues raised by the Answer (the "Hearing").

Thereafter, an Amended Answer was filed by the Alleged Debtor on August 10, 2010 which reiterated that the matter was a two-party dispute, but also denied that the Petitioning Creditor had the right to file the involuntary petition as the Petitioning Creditor was not eligible since it was not the "holder of a claim" against the Alleged Debtor. Seeking to cure this infirmity in the involuntary petition, the next day, on August 11, 2010, counsel for the Petitioning Creditor filed a joinder of the petition by Selectron Industrial Company, Inc., which maintained that it was the proper "holder of the claim" and that the joinder mooted the eligibility issue. The Hearing was held on August 12, 2010, and after the conclusion of the Hearing both parties submitted post-Hearing memorandums and the Court took the matter under submission.

This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. The following constitutes the Court's findings of fact and conclusions of law as mandated by Fed. R. Bankr. P. 7052.

## **FACTS:**

The Alleged Debtor and Tai Ham do not dispute that in May 2004, Selectron Industrial Company, Inc. commenced an action in the California State Court, which was removed in June 2004 to the United States District Court, Central District of California, against Selectron

Industrial Optronics, LLC, Richard Heathcote, and Selectron Management Corp., which is the Alleged Debtor (the "California Action"). The parties in the California Action agreed to submit their claims to arbitration in the California District Court and the arbitrator issued an award on May 1, 2007. In December 2007 a judgment on the Award was entered against the Alleged Debtor in favor of Selectron Industrial Company, Inc. in the amount of $762,425.54 for accounts receivables that were due and owed to Selectron Industrial Compnay, Inc. (the "Judgment").

Over two years later, on July 8, 2010, Tai Ham d/b/a Selectron Industrial Company filed the instant involuntary chapter 7 petition against Selectron Management Corporation. It is unclear what, if any, actions were taken to recover on the Judgment prior to the filing of the involuntary petition. According to the involuntary petition, Tai Ham d/b/a Selectron Industrial Company, holds a claim, based upon the Judgment, in the amount of $956,420.45. In response to the involuntary petition, the Alleged Debtor filed an answer (the "Original Answer") on August 4, 2010.

In the Original Answer the Alleged Debtor admitted that under section 303: (1) the petitioning creditor was eligible to file the petition; (2) the Alleged Debtor was a person against whom an order for relief may be entered; and (3) the Alleged Debtor was not paying its debts as they came due. The Alleged Debtor only disputed the involuntary petition on the grounds that the matter was a two-party dispute, and that Tai Ham could pursue the Alleged Debtor on the Judgment in state court. As a result, the Alleged Debtor reasoned that the case did not belong before the bankruptcy court. The Alleged Debtor argued that the Court should either dismiss the involuntary petition or abstain from considering the matter under section 305(a). Additionally, the Alleged Debtor requested that damages be awarded against Tai Ham for filing the involuntary petition. Upon receiving the Original Answer, the Court scheduled the Hearing.

A few days later, on August 10, 2010 the Alleged Debtor filed an amended answer (the "Amended Answer"). The Amended Answer repeated the arguments that were raised in the Original Answer and again asserted a request for damages. However, unlike the Original Answer, the Amended Answer disputed that Tai Ham was eligible to file the involuntary petition on the grounds that Tai Ham is not the named plaintiff on the Judgment and as such is not the "holder of a claim" for purposes of section 303. The Judgment is in favor of "Selectron Industrial Company, Inc" and not "Tai Ham d/b/a Selectron Industrial Company."

In response to the Amended Answer, on August 11, 2010 counsel for Tai Ham filed a joinder to the involuntary petition on behalf of "Selectron Industrial Company, Inc." (the "Joinder"). The Joinder provided that "Selectron Industrial Company, Inc." was eligible to join the involuntary petition because it was the nominal holder of the judgment that the involuntary petition was based on. It was signed by Tai Ham acting as sole shareholder of Selectron Industrial Company, Inc. Along with the Joinder, Tai Ham submitted a non-notarized affidavit that sought to explain the discrepancy in the involuntary petition as to the name of the petitioning creditor. According to the representations of Tai Ham's counsel, the Judgment that was entered in the California Action is in error and it should have listed Tai Ham in the caption as the Plaintiff. As a result, counsel represented to the Court that steps are being taken to cure the alleged error. Furthermore, Tai Ham's counsel argued that a bankruptcy case was appropriate because the Alleged Debtor made transfers to a related debtor entity that is currently before this Court, *Synergy International Optronics, LLC*, Case No. 10-72272 ("*Synergy International*"). Tai Ham's counsel stated that these transfers were done with the intent to deprive Tai Ham from being able to recover on its judgment. Thus, a chapter 7 trustee should be appointed to investigate the Alleged Debtor.

4

In addition to arguing that this matter is really a two-party dispute and does not belong before this Court, the Alleged Debtor argues that Tai Ham does not seek to collect on the Judgment from the Alleged Debtor, but rather the true endgame of Tai Ham is to consolidate the involuntary case with that of *Synergy International*. According to the Alleged Debtor, the involuntary petition is really an attempt to collect on the Judgment out of the assets of *Synergy International* and is part and parcel of Tai Ham's scheme to wage an "illicit corporate war" on *Synergy International*. (Alleged Debtor's Post-Hearing Memorandum at 12). No other creditors have appeared in this case.

## DISCUSSION:

1. *Is There A Petitioning Creditor?*

Section 303(b)(2) of the Code provides that an involuntary case can be commenced against a person or a corporation by a holder of a claim, if there are fewer than twelve holders, provided that the holder of a claim has a claim of at least $14,425.00. 11 U.S.C. § 303(b) (2010). If the alleged debtor does not contest the involuntary petition, then the Court must enter an order for relief. 11 U.S.C. § 303(h) (2010). However, if the involuntary petition is contested, then the Court shall hold a trial as to whether or not it will enter an order for relief. 11 U.S.C. § 303(h) (2010).

The Alleged Debtor admits to all of the elements of section 303, except that the Alleged Debtor disputes that Tai Ham was eligible to file the involuntary petition. The Alleged Debtor argues that Tai Ham is ineligible to file the involuntary petition because he is not the "holder" of the claim since the judgment that the claim is based upon is not in his name. Rather the judgment is in favor of Selectron Industrial Company, Inc. In an attempt to remedy this apparently admitted error, counsel for Tai Ham filed a joinder of the involuntary petition in

which Selectron Industrial Company, Inc. joined the involuntary petition. The Code requires that a petitioning creditor must be a "holder of a claim" against the alleged debtor. If the petitioning creditor is not the "holder", then it cannot place the person or the corporation into bankruptcy. *See Lubow Mach. Co. v. Bayshore Wire Prods. (In re Bayshore Wire Prods.)*, 209 F.3d 100, 103 (2d Cir. N.Y. 2000); *CC Britain Equities, L.L.C. v. Allen-Main Assocs. Ltd. Pshp. (In re Allen-Main Assocs. Ltd. Pshp.)*, 223 B.R. 59, 61 (B.A.P. 2d Cir. Conn. 1998); *In re Rand Int'l Leisure Prods., LLC*, 2010 Bankr. LEXIS 2021 (Bankr. E.D.N.Y. June 18, 2010).

The Court has before it an involuntary petition and a joinder, both of which are signed by Tai Ham. The involuntary petition was signed by "Tai Ham d/b/a Selectron Industrial Company" and the Joinder was signed by Tam Ham, in his capacity as sole shareholder for "Selectron Industrial Company, Inc.". The Court's review of the Judgment does show that "Selectron Industrial Company, Inc." is the Plaintiff in that action and the Judgment is in its favor.

Section 303(c) allows for the joinder of another qualifying creditor in order to cure a defective petition under Section 303(b): "a creditor … may join in the petition with the same effect as if such joining creditor were a petitioning creditor under subsection (b) of this section." 11 U.S.C. § 303(c). Counsel for Tai Ham, at the hearing and in its papers, concede the point that the initial petition was defective when it named "Tai Ham d/b/a Selectron Industrial Company" as the holder of the claim. Counsel sought to cure the deficiency by filing the joinder in the name of "Selectron Industrial Compny, Inc.", and it appears from a review of the judgment that Selectron Industrial Company, Inc. is the proper holder of the claim. This appears to be a situation where the petitioning creditor made a mistake as to the name to use in filing the

involuntary and once the error was brought to its attention it took steps to correct that mistake.[1] As such the Court deems the "Joinder" as being an amendment to the originally filed involuntary petition, and Selectron Industrial Company, Inc. is a singular petitioning creditor.

2. *Is A Formal Motion Required For The Court To Act Under 11 U.S.C. § 305?*

Section 305(a)(1) provides that the Court "after notice and a hearing, may dismiss a case … or may suspend all proceedings in a case … if the interests of creditors and the debtor would be better served by such dismissal or suspension…." 11 U.S.C. § 305(a)(1) (2010). As the Second Circuit stated in *C-TC 9th Ave. Pshp. v. Norton Co. (In re C-TC 9th Ave. Pshp.)*, "the 'notice and hearing' required before a debtor's case may be dismissed is further defined by the statute as 'meaning after such notice as is appropriate under the particular circumstances, and such opportunity for a hearing as is appropriate under the particular circumstances.' 11 U.S.C. § 102(1)(A)." 113 F.3d 1304, 1312 (2d Cir. N.Y. 1997).

Counsel for Tai Ham argues that a hearing on dismissal or abstention must be made by formal motion. *See In re Euro-American Lodging Corp.*, 357 B.R. 700, 729 (Bankr. S.D.N.Y. 2007) (stating that section 305 of the Code requires a motion). However, in *In re Euro-American Lodging Corp.* the debtor's request for abstention appeared for the first time in a post-trial statement after the court had conducted a three day trial to determine whether or not the involuntary petition was appropriate. *See id.* In that case the court briefly addressed the section 305 and determined that due to the manner in which the request was made it was improper and untimely. *See id.* The instant case does not have the same infirmities.

---

[1] Counsel for Tai Ham states a motion has been prepared that would seek to correct the Judgment and have Tai Ham be named as the Plaintiff in the California Action, and named as the proper Judgment holder. The Court notes that although the Judgment was received in May 2007 there is no evidence that Tai Ham has taken any steps up until just recently to make the corrections to the allegedly defective Judgment.

7

Here the Alleged Debtor's Original Answer and its Amended Answer raised the fundamental issue of whether this Court should either abstain or dismiss the instant involuntary petition. Upon receiving the Original Answer the Court acted *sua sponte* under Rule 1013(a) and scheduled the Hearing for a trial on the issues raised by the Alleged Debtor. The Court is authorized to act *sua sponte* and make a determination as to what notice and hearing it determines is appropriate. *See In re C-TC 9th Ave. Pshp.*, 113 F.3d at 1312; *GMAM Investment Funds Trust I v. Globo Comunicacoes E Participacoes S.A. (In re Globo Comunicacoes E Participacoes S.A.)*, 317 B.R. 235, 256 (S.D.N.Y. 2004); *In re Duratech Indus.*, 241 B.R. 283, 287 (E.D.N.Y. 1999) (*citing In re Coram Graphic Arts*, 11 B.R. 641, 645-46 (Bankr. E.D.N.Y. 1981), which held that the court has inherent power to *sua sponte* dismiss a debtor's Chapter 11 proceeding pursuant to §§ 105, 305 and 1112(b) of the Bankruptcy Code).

Tai Ham had notice of the issues that were raised in both the Original Answer and the Amended Answer. In fact, Tai Ham responded to the issue regarding whether the Petitioning Creditor was a proper party to file the involuntary by filing the "Joinder" on behalf of Selectron Industrial Company, Inc. Furthermore, it was the Court that acted *sua sponte* and scheduled the Hearing and determined what notice was appropriate, not the Alleged Debtor. Thus, Tai Ham's objection as to whether there was proper notice of the hearing is overruled.

Now the Court turns to whether the case should be dismissed or the Court should abstain.

3. *Should The Court Dismiss Or Abstain Under Section 305(a)(1)?*

Section 305(a)(1) of the Bankruptcy Code allows this Court to dismiss an involuntary bankruptcy case if such dismissal is in the best interest of the debtor and its creditors. 11 U.S.C. § 305(a)(1) (2010). Courts have held that abstention pursuant to section 305 is "an extraordinary remedy and is appropriate only in the situation where the court finds that both creditors and the

debtor would be better served by a dismissal." *In re Globo Comunicacoes E Participacoes S.A.*, 317 B.R. at 255; *In re Monitor Single Lift I, Ltd.*, 381 B.R. 455, 462 (Bankr. S.D.N.Y. 2008). The moving party bears the burden to demonstrate that the interests of the debtor and its creditors would benefit from dismissal. *Id.*

The courts have articulated several factors as relevant to this inquiry:

> (1) the economy and efficiency of administration;
> (2) whether another forum is available to protect the interests of both parties or there is already a pending proceeding in state court;
> (3) whether federal proceedings are necessary to reach a just and equitable solution;
> (4) whether there is an alternative means of achieving an equitable distribution of assets;
> (5) whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves all interests in the case;
> (6) whether a non-federal insolvency has proceeded so far in those proceedings that it would be costly and time consuming to start afresh with the federal bankruptcy process; and
> (7) the purpose for which bankruptcy jurisdiction has been sought.

*In re Monitor Single Lift I, Ltd.*, 381 B.R. at 465 (*quoting In re Paper I Partners, L.P.*, 283 B.R. 661, 679 (Bankr. S.D.N.Y. 2002)); *see e.g., In re Smith*, 415 B.R. 222, 239 (Bankr. N.D. Tex. 2009); *In re Euro-American Lodging Corp.*, 357 B.R. 700, 729 (Bankr. S.D.N.Y. 2007). Neither factor is more controlling or persuasive than the other. *See In re AMC Investors, LLC*, 406 B.R. at 488; *In re Monitor Single Lift I, Ltd.*, 381 B.R. at 465. After reviewing the papers submitted and the arguments at the Hearing, the Court does not see how entering an order for relief would benefit the Alleged Debtor or its creditors.

In response to the Court's inquiry as to why an order for relief should be entered against the Alleged Debtor, counsel for Tai Ham stated that since the case was related to another case before the Court, *Synergy International*, it would result in the efficient administration of both

cases.[2] Furthermore, Tai Ham's counsel argued that a chapter 7 trustee would be able to determine what transfers, if any, were made by the principal of the Alleged Debtor to *Synergy International*, of which he too is a principal, and the chapter 7 trustee could take steps to undo the transfers. However, Tai Ham's counsel could not provide the Court with a satisfactory reason as to why a chapter 7 trustee is necessary to investigate the alleged transfers and why Tai Ham could not pursue the Alleged Debtor, based upon his rights under the Judgment, in state court. In addition, the Court notes that it is only now, in light of the Alleged Debtor's opposition to the involuntary petition that Tai Ham is seeking to amend the Judgment to reflect himself as the allegedly proper judgment holder. No evidence was provided to this Court that any steps were taken prior to the filing of this involuntary petition to correct this alleged infirmity in the Judgment.

Tai Ham's counsel concedes that the reason the involuntary case was filed was so that a chapter 7 trustee could be appointed. There is no allegation that there are other creditors for this admittedly non-operating, insolvent corporation, and it appears that this is a two-party dispute. *See Wechsler v. Macke Int'l Trade, Inc. (In re Macke Int'l Trade, Inc.)*, 370 B.R. 236, 247 (B.A.P. 9th Cir. 2007). The Alleged Debtor opposes the involuntary petition, and maintains that it should not have to bear the costs of proceeding in bankruptcy due to what is really another level of litigation between the parties.

The Court noted at the Hearing that this is not a situation where the petitioning creditor is alleging fraud and this is not a situation where the petitioning creditor could not go forward in state court and do what the trustee could do. All the Court has before it are transcripts of

---

[2] The Court notes the presence of L-3 Communications Corporation ("L-3") at the Hearing in support of the entry of an order for relief. L-3 is not a creditor of the Alleged Debtor, and is rather a creditor in the *Synergy International* bankruptcy case. The Alleged Debtor argues that L-3 and Tai Ham are colluding to engage in "corporate war" on *Synergy International*. However, in the absence of such evidence, the Court will refrain from speculating as to L-3's motives in appearing at the Hearing.

testimony and hearings in the *Synergy International* bankruptcy case that the Petitioning Creditor asserts shows that the principal of the Alleged Debtor and his affiliates "worked in concert with the express purpose of depriving Tai Ham from recovering anything on his Judgment against Debtor-Management." (Petitioning Creditor's Post-Hearing Memorandum at 11). The Court has reviewed the transcripts and they do not provide the "smoking gun" that shows any steps were taken to evade the payment on the Judgment. This is not to say that such a situation has not occurred, but that there is no evidence before the Court to make such a determination or to find that there has been enough alleged to persuade the Court that a chapter 7 trustee is necessary. The Petitioning Creditor is free to pursue its allegations in state court or in the *Synergy International* bankruptcy case in its efforts to recover on its Judgment.

In cases where an involuntary petition is really a two-party dispute that can be addressed in state court, as this case is, then the Court can and will abstain. *See e.g. In re AXL Industries, Inc.*, 127 B.R. 482, 484 (S.D. Fla. 1991); *In re Rand Int'l Leisure Prods., LLC*, 2010 Bankr. LEXIS 2021 (Bankr. E.D.N.Y. June 18, 2010) (noting that if an involuntary petition is "essentially the result of an ongoing two-party dispute", then it would be appropriate for the Court to abstain from the case); *In re Ishaky*, 2010 WL 935572 (Bankr. E.D.N.Y. March 11, 2010) ("The Court finds this to be a two party dispute in which the parties have adequate remedies in State Court"); *In re AMC Investors, LLC*, 406 B.R. 478, 488 (Bankr. D. Del. 2009) (commentating that if bankruptcy courts were to entertain two-party disputes, then it would "transform" the bankruptcy courts into a collections device); *In re Mountain Dairies, Inc.*, 372 B.R. 623 (Bankr. S.D.N.Y. 2007); *In re ELRS Loss Mitigation, LLC*, 325 B.R. 604, 634 (Bankr. N.D. Okla. 2005).

This is not to say that a two-party dispute is never appropriate in the bankruptcy court. The Bankruptcy Court for the District of Delaware analyzed one such situation where the petitioning creditor's only reason for filing the involuntary petition was to have a chapter 7 trustee appointed to investigate the alleged debtors. *In re AMC Investors, LLC*, 406 B.R. at 488. However, in that case the Bankruptcy Court noted that it was "highly unlikely" that the petitioning creditor had another forum to proceed against the alleged debtors because the petitioning creditor would not have been likely to succeed in either a direct or derivative lawsuit against the alleged debtors. *Id.* at 489. As such, the Delaware Bankruptcy Court noted that a bankruptcy trustee or a state court receiver would have been necessary for the petitioning creditor to pursue the potential assets. *Id.*

The instant involuntary petition does not reflect any of these concerns for the Court. Unlike the petitioning creditor in *In re ACM Investors, LLC*, Selectron Industrial Company, Inc can pursue the Alleged Debtor in state court or perhaps in an adversary proceeding against *Synergy International*. Furthermore, Selectron Industrial Company, Inc. already has a judgment against the Alleged Debtor.

The Petitioning Creditor cannot utilize the bankruptcy process and wield a chapter 7 trustee as a weapon in its attempts to recover on its Judgment against the Alleged Debtor. The Petitioning Creditor is well within its rights to conduct its own investigation into the Alleged Debtor and *Synergy International*, and take the steps that it deems appropriate in state court or in the *Synergy International* bankruptcy proceeding. However, the instant involuntary petition is a two-party dispute, and it is not the function of the bankruptcy court to act as a collection device for judgment creditors.

### CONCLUSION:

Based upon the foregoing, the Court dismisses the instant involuntary petition.

However, in both the Alleged Debtor's Original Answer and its Amended Answer, the Alleged Debtor requested that the Court schedule a hearing to determine what damages, if any, should be awarded against the petitioning creditor pursuant to section 303(i) of the Code. As such, the Court shall retain jurisdiction over this involuntary case for the sole purpose of hearing such a motion. The Alleged Debtor has twenty-one days from the date of this Memorandum Decision and Order to file a motion for damages. If no such motion is filed, then at the conclusion of that time period the instant case shall be dismissed in its entirety.

So ordered.

Dated: Central Islip, New York
September 27, 2010

*s/ Dorothy Eisenberg*
Honorable Dorothy Eisenberg